IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN MIGUEL MUNOZ-VARGAS, et al, <br><br> Plaintiffs, <br><br> v. <br><br> DR. OLGA RODRIGUEZ LAGUER, et. al., <br><br> Defendants. | CIVIL NO. 14- 1597 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

This case arises from an alleged medical malpractice stemming from treatment given to minor Plaintiff J.M.F. Plaintiffs are Juan Miguel Muñoz-Vargas and Samara Fernández-Menchaca, by themselves, and as members of their legal conjugal partnership, and as parents of minor J.M.F. (hereinafter collectively "Plaintiffs"). Defendants are a variety of doctors and medical institutions, none of which are relevant for purposes of the present motion except for co-Defendant Dr. Norberto Durán (hereinafter "Dr. Durán").

Plaintiffs claim that Co-Defendant Dr. Durán misdiagnosed J.M.F.'s condition when the minor initially came to his office for an evaluation, and this alleged misdiagnosis resulted in two meningitis attacks that jeopardized his life, which could have been prevented with an early and proper diagnosis and the appropriate surgery, which was performed later by another physician, Dr. Iván Sosa (hereinafter "Dr. Sosa"), not a party to this case. The surgery Dr. Sosa had to ultimately perform was more difficult due to the infections, adherences, and an intraspinal abscess due to the previous surgical

interventions, including one performed by co-Defendant Dr. Durán.  This process, Plaintiffs claim, caused them severe pain, suffering and mental anguish.

Before the Court now is Co-Defendant Dr. Durán's Motion to Dismiss based on immunity provided by the Puerto Rico Insurance Code. (Docket No. 60).  Before the Court also are Plaintiffs' opposition thereto (Docket No. 85); Dr. Durán's reply to Plaintiff's opposition (Docket No. 93); and Plaintiff's sur-reply thereto (Docket No. 105).

Co-Defendant Dr. Durán urges the Court to dismiss all claims against him.  As a duly licensed surgeon who provided medical and surgical treatment to J.M.F. at Hospital San Antonio in Mayaguez, he states that Article 41.050 of the Puerto Rico Insurance Code holds that a surgeon providing services to patients at said hospital may not be included as a defendant in a medical malpractice claim related to his services.  Furthermore, Law No. 150 of December 13, 2013, P.R. Laws Ann., tit. 26, § 4105, which established total immunity for medical professionals provided by the aforementioned article, was expressly made retroactive to all claims filed after June 27, 2011, and therefore applies to this case.

Plaintiffs defer, and instead state that the malpractice occurred at the diagnosis and treatment stage, which occurred in Co-Defendant Dr. Durán's private office, and not at the Hospital.  They are not claiming malfeasance during the surgery, which did occur at the Hospital.  Thus, Plaintiffs posit the blanket immunity afforded by the Insurance Code is inapplicable to Co-Defendant Dr. Durán.

Juan Miguel Muñoz-Vargas, et al., v. Dr. Olga Rodríguez Laguer, et al.
Civil No. 14-1597 (CVR)
Opinion and Order
Page 3
_____

## LEGAL ANALYSIS

The Puerto Rico Insurance Code grants immunity from suit to any health care professional, whether he/she be an employee or a contractor, acting within the scope of his/her duties as an employee of the Commonwealth of Puerto Rico while performing institutional duties. P.R. Laws Ann., tit. 26, § 4105. Article 4105 of the Insurance Code of Puerto Rico provides in pertinent part, as follows:

> No healthcare professional (employee or contractor), may be included as defendants in a civil action of claim for damages for professional malpractice guilt or negligence caused in the performance of their profession, while said professional acts in the compliance of his duties and functions, including teaching, as employee of the Commonwealth of Puerto Rico, its dependencies, instrumentalities, the Comprehensive Cancer Center of the University of Puerto Rico and the municipalities. No health professional whatsoever, either employee or contractor, may be included for the performance of his profession in the compliance of his duties and functions, including teaching, in the neonatal and pediatric intensive care units, operating rooms, emergency rooms and trauma wards of the San Antonio Hospital of Mayaguez . . . .

It has been clearly established that in construing a statute, a reviewing court must look first to the statutory language. "If the language is clear and unambiguous, judicial inquiry is at an end in all but the most extraordinary circumstances, and the court must give effect to the clear meaning of the statute as written." Quiles Rodríguez v. Calderón, 172 F. Supp. 2d 334, 339 (D.P.R. 2001) citing Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 112 S.Ct. 2589 (1992); see also Ernst & Ernst v. Hochfelder, 425 U.S. 185, 201, 96 S.Ct. 1375, 1384-85 (1976) (the language of a statute controls when sufficiently clear in

Juan Miguel Muñoz-Vargas, et al., v. Dr. Olga Rodríguez Laguer, et al.
Civil No. 14-1597 (CVR)
Opinion and Order
Page 4
_____

its context and further inquiry is unnecessary).  Although the parties have not raised this issue, the Court finds the statute's wording in this case to be clear and unambiguous.

In addition, while previous versions of this law included a marked difference between an employee and a contractor[1], where contractors were not immune from suit, no such difference exists in the current version of the law.  It clearly applies to all *employees and contractors* of the Hospital.

While Plaintiffs aver that their cause of action actually arose in Dr. Durán's private office (because their cause of action stems from his misdiagnosis, not from the operation) and that thus, immunity does not apply, it is undeniable that there must exist some contractual relation between a doctor and a hospital if a doctor is to have privileges at a hospital.

Moreover, a cursory glance at the Complaint shows that Plaintiffs have indeed alleged negligence stemming from the surgery performed by Co-Defendant Dr. Durán at the Hospital. To this effect, paragraph 42 of the Complaint states as follows:

> On September 25th, 2012 Dr. Durán performed outpatient surgery at San Antonio Hospital to remove the alleged pilonidal cyst. According to the medical record, JMF was not treated with prophylactic antibiotics before the surgery.  *Further, antibiotics were not prescribed during or after the surgery.  This was a negligent omission by Dr. Durán.*" See Docket No. 1. (Emphasis added).

---

[1] See Flores-Román v. Ramos, 127 D.P.R. 601 (1990) (evaluating factors to consider in making a determination as to whether a physician working for the Commonwealth or its instrumentalities is an independent contractor, and therefore immune from suit) and Nieves v. Univ. of Puerto Rico, 7 F.3d 270 (1st Cir. 1993) (same).

Case 3:14-cv-01597-CVR   Document 110   Filed 02/02/16   Page 5 of 6

Juan Miguel Muñoz-Vargas, et al., v. Dr. Olga Rodríguez Laguer, et al.
Civil No. 14-1597 (CVR)
Opinion and Order
Page 5
_____

Therefore, it is clear that, pursuant to the Puerto Rico Insurance Code, Co-Defendant Dr. Durán is immune from suit and cannot be included as a defendant in any claim for treatment rendered to minor J.M.F.

Furthermore, the instant case was filed on August 1, 2014 and Plaintiffs had previously filed a case before the court of the Commonwealth of Puerto Rico on June 24, 2013.  Since the law was made retroactive to any claims presented after June 27, 2011, that had not been adjudicated or settled at the time the law was passed, the bar against malpractice claims is applicable to Co-Defendant Dr. Durán's treatment of minor Plaintiff J.M.F.

In view of the foregoing, and in accordance with the above analysis, the Court GRANTS Co-Defendant Dr. Durán's Motion to Dismiss.

Finally, and perhaps foreseeing that the Court would hold Co-Defendant Dr. Durán immune from suit, Plaintiffs in their opposition ask the Court to hold that Hospital San Antonio and its insurance carrier must assume Dr. Durán's liability should Plaintiffs prevail in their allegations of Co-Defendant Dr. Durán's negligence and that it contributed to the damages claimed.  This petition, however, was made without any argument in support thereof.  The Court cannot decide issues in a vacuum and which have not been properly developed and brought before it.  Consequently, the Court DENIES Plaintiffs' request, without prejudice of being argued and briefed at the dispositive motion stage.

# CONCLUSION

For the aforementioned reasons, Co-Defendant Dr. Normando Durán's Motion to Dismiss (Docket No. 60) is GRANTED.  Partial Judgment dismissing all claims against Dr. Normando Durán with prejudice shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 2nd day of February, 2016.

                                                S/CAMILLE L. VELEZ-RIVE
                                                CAMILLE L. VELEZ RIVE
                                                UNITED STATES MAGISTRATE JUDGE